IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MIKE SEIBER,                                3:14-cv-01149-BR

          Plaintiff,                        OPINION AND ORDER

v.

CAROLYN W. COLVIN,
Commissioner, Social Security
Administration,

          Defendant.


RICHARD F. MCGINTY
McGinty & Belcher, PC
P.O. Box 12806
Salem, OR 97309
(503) 371-9636

          Attorneys for Plaintiff

BILLY J. WILLIAMS
Acting United States Attorney
JANICE E. HEBERT
Assistant United States Attorney
1000 S.W. Third Avenue, Suite 600
Portland, OR  97204
(503) 727-1011


1 - OPINION AND ORDER

**DAVID MORADO**
Regional Chief Counsel
**ALEXIS L. TOMA**
Special Assistant United States Attorneys
Social Security Administration
701 Fifth Avenue, Suite 2900, M/S 221A
Seattle, WA 98104-7075
(206) 615-2950

       Attorneys for Defendant

**BROWN, Judge.**

       Plaintiff Mike Seiber seeks judicial review of a final decision of the Commissioner of the Social Security Administration (SSA) in which she denied Plaintiff's application for Supplemental Security Income (SSI) under Title XVI of the Act.

       This Court has jurisdiction to review the Commissioner's decision pursuant to 42 U.S.C. § 405(g). Following a thorough review of the record, the Court **REVERSES** the final decision of the Commissioner and **REMANDS** this matter for further administrative proceedings consistent with this Opinion and Order.

## ADMINISTRATIVE HISTORY

       Plaintiff filed his application for SSI on April 27, 2011. Tr. 141.[1] His application was denied initially and on

---

[1] Citations to the official transcript of record filed by the Commissioner on October 8, 2014, are referred to as "Tr."

reconsideration.  An Administrative Law Judge (ALJ) held a hearing on February 6, 2013.  Tr. 24.  At the hearing Plaintiff was represented by an attorney.  Plaintiff and a vocational expert (VE) testified at the hearing.  Tr. 25.

The ALJ issued a decision on February 22, 2013, in which he found Plaintiff is not entitled to benefits.  Tr. 11-20.  That decision became the final decision of the Commissioner on May 22, 2014, when the Appeals Council denied Plaintiff's request for review.  Tr. 1-4.  *See Sims v. Apfel*, 530 U.S. 103, 106-07 (2000).

## BACKGROUND

Plaintiff was born on October 5, 1970; was 42 years old on the date of the hearing; and has a ninth-grade education. Tr. 42, 141, 147.  Plaintiff does not have any prior relevant work experience.  Tr. 19.

Plaintiff alleges disability since April 27, 2011, due to a herniated disc in his lower back, hip dysplasia, right-wrist arthritis, "learning disab[ilities]," hernias, "vascular disorder in legs," depression, and restless-leg syndrome.  Tr. 141, 146.

Except as noted, Plaintiff does not challenge the ALJ's summary of the medical evidence.  After carefully reviewing the medical records, this Court adopts the ALJ's summary of the medical evidence.  *See* Tr. 15-19.

## STANDARDS

The initial burden of proof rests on the claimant to establish disability. *Molina v. Astrue*, 674 F.3d 1104, 1110 (9th Cir. 2012).  To meet this burden a claimant must demonstrate his inability "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months."  42 U.S.C. § 423(d)(1)(A).  The ALJ must develop the record when there is ambiguous evidence or when the record is inadequate to allow for proper evaluation of the evidence.  *McLeod v. Astrue*, 640 F.3d 881, 885 (9th Cir. 2011)(quoting *Mayes v. Massanari,* 276 F.3d 453, 459-60 (9th Cir. 2001)).

The district court must affirm the Commissioner's decision if it is based on proper legal standards and the findings are supported by substantial evidence in the record as a whole.  42 U.S.C. § 405(g).  *See also Brewes v. Comm'r*, 682 F.3d 1157, 1161 (9th Cir. 2012).  Substantial evidence is "relevant evidence that a reasonable mind might accept as adequate to support a conclusion." *Molina*, 674 F.3d. at 1110-11 (quoting *Valentine v. Comm'r Soc. Sec. Admin.*, 574 F.3d 685, 690 (9th Cir. 2009)).  It is "more than a mere scintilla" of evidence but less than a preponderance.  *Id.* (citing *Valentine*, 574 F.3d at 690).

The ALJ is responsible for determining credibility,

resolving conflicts in the medical evidence, and resolving
ambiguities.  *Vasquez v. Astrue*, 572 F.3d 586, 591 (9th Cir.
2009).  The court must weigh all of the evidence whether it
supports or detracts from the Commissioner's decision.  *Ryan v.
Comm'r of Soc. Sec.*, 528 F.3d 1194, 1198 (9th Cir. 2008).  Even
when the evidence is susceptible to more than one rational
interpretation, the court must uphold the Commissioner's findings
if they are supported by inferences reasonably drawn from the
record.  *Ludwig v. Astrue*, 681 F.3d 1047, 1051 (9th Cir. 2012).
The court may not substitute its judgment for that of the
Commissioner.  *Widmark v. Barnhart*, 454 F.3d 1063, 1070 (9th Cir.
2006).

## DISABILITY ANALYSIS

Social Security Regulations set out a five-step sequential
process for determining whether an applicant is disabled within
the meaning of the Social Security Act.  *Keyser v. Comm'r of
Soc. Sec. Admin.*, 648 F.3d 721, 724 (9th Cir. 2011).  *See also
Parra v. Astrue*, 481 F.3d 742, 746 (9th Cir. 2007); 20 C.F.R.
§ 416.920.  Each step is potentially dispositive.

At Step One the claimant is not disabled if the Commissioner
determines the claimant is engaged in substantial gainful
activity.  20 C.F.R. § 416.920(a)(4)(I).  *See also Keyser,* 648
F.3d at 724.

5 - OPINION AND ORDER

At Step Two the claimant is not disabled if the Commissioner determines the claimant does not have any medically severe impairment or combination of impairments. *Stout v. Comm'r Soc. Sec Admin.*, 454 F.3d 1050, 1052 (9th Cir. 2006). *See also* 20 C.F.R. § 416.920(a)(4)(ii); *Keyser*, 648 F.3d at 724.

At Step Three the Commissioner must determine whether a claimant's impairments meet or equal one of the listed impairments and are so severe that they preclude substantial gainful activity. The claimant is disabled if the Commissioner determines the claimant's impairments meet or equal one of the listed impairments that the Commissioner acknowledges are so severe as to preclude substantial gainful activity. 20 C.F.R. § 416.920(a)(4)(iii). *See also Keyser*, 648 F.3d at 724. The criteria for the listed impairments, known as Listings, are enumerated in 20 C.F.R. part 404, subpart P, appendix 1 (Listed Impairments).

If the Commissioner proceeds beyond Step Three, she must assess the claimant's residual functional capacity (RFC). The claimant's RFC is an assessment of the sustained, work-related physical and mental activities the claimant can still do on a regular and continuing basis despite his limitations. 20 C.F.R. § 416.920(e). *See also* Social Security Ruling (SSR) 96-8p. "A 'regular and continuing basis' means 8 hours a day, for 5 days a week, or an equivalent schedule." SSR 96-8p, at *1. In other

words, the Social Security Act does not require complete
incapacity to be disabled.  *Taylor v. Comm'r of Soc. Sec. Admin.*,
659 F.3d 1228, 1234-35 (9th Cir. 2011)(citing *Fair v. Bowen*, 885
F.2d 597, 603 (9th Cir. 1989)).  The assessment of a claimant's
RFC is at the heart of Steps Four and Five of the sequential
analysis when the ALJ is determining whether a claimant can still
work despite severe medical impairments.  An improper evaluation
of the claimant's ability to perform specific work-related
functions "could make the difference between a finding of
'disabled' and 'not disabled.'"  SSR 96-8p, at *4.

At Step Four the claimant is not disabled if the
Commissioner determines the claimant retains the RFC to perform
work he has done in the past.  20 C.F.R. § 416.920(a)(4)(iv).
*See also Keyser,* 648 F.3d at 724.

If the Commissioner reaches Step Five, she must determine
whether the claimant is able to do any other work that exists in
the national economy.  20 C.F.R. § 416.920(a)(4)(v).  *See also
Keyser,* 648 F.3d at 724-25.  Here the burden shifts to the
Commissioner to show a significant number of jobs exist in the
national economy that the claimant can perform.  *Lockwood v.
Comm'r Soc. Sec. Admin.*, 616 F.3d 1068, 1071 (9th Cir. 2010).
The Commissioner may satisfy this burden through the testimony of
a VE or by reference to the Medical-Vocational Guidelines set
forth in the regulations at 20 C.F.R. part 404, subpart P,

appendix 2.   If the Commissioner meets this burden, the claimant
is not disabled.   20 C.F.R. § 416.920(g)(1).


## ALJ'S FINDINGS

At Step One the ALJ found Plaintiff has not engaged in
substantial gainful activity since April 27, 2011, his alleged
onset date.   Tr. 13.

At Step Two the ALJ found Plaintiff has the severe
impairments of osteoarthritis of the cervical spine, thoracic
spine, lumbar spine, and right wrist; congenital hip dysplasia;
"learning disorder"; and depressive disorder.   Tr. 13.

At Step Three the ALJ found Plaintiff's impairments do not
meet or equal the criteria for any impairment in the Listing of
Impairments.   Tr. 14-15.   In her assessment of Plaintiff's RFC,
the ALJ found Plaintiff has the functional capacity to perform
light work, except that Plaintiff can occasionally push and pull
with the right upper extremity; frequently climb ramps and
stairs, balance, and kneel; occasionally stoop, crouch, and
crawl; never climb ladders, ropes, or scaffolds; occasionally
handle, finger, and feel; should avoid concentrated exposure to
dust, fumes, and chemicals; and can perform only simple, routine
tasks.   Tr. 15-19.

At Step Four the ALJ found Plaintiff does not have any past
relevant work experience.   Tr. 19.

At Step Five, however, the ALJ found Plaintiff is capable of performing other work that exists in significant numbers in the national economy, including work as a "counter clerk" and a furniture-rental clerk.  Tr. 19-20.  Accordingly, the ALJ found Plaintiff is not disabled and, therefore, is not entitled to benefits.  Tr. 20.

## DISCUSSION

Plaintiff contends the ALJ erred when he (1) credited the opinion of Dr. Ben Kessler, Psy.D.; (2) failed to incorporate the opinions of nonexamining psychological experts Sandra Lundblad, Psy.D., and Joshua Boyd, Psy.D., into the ALJ's assessment of Plaintiff's RFC; and (3) failed to leave the record open to allow for the submission of an opinion from examining psychological expert David M. Freed, Ph.D., before the ALJ reached his decision.

**I.    Dr. Kessler's Opinion**

Plaintiff first contends the ALJ erred when he credited the opinion of Dr. Kessler because the medical records that Dr. Kessler relied on were outdated and the conclusions drawn from the psychological examination that Dr. Kessler performed were "only valid on the date of the examination."

Plaintiff does not cite any authority and the Court cannot find any authority to support the proposition that the ALJ is

required to provide a specific justification for fully crediting the opinion of a medical or psychological expert.  Accordingly, the Court will only find error in the ALJ's decision to fully credit Dr. Kessler's opinion if that opinion is not "relevant evidence that a reasonable mind might accept as adequate to support a conclusion."  *See Molina*, 674 F.3d. at 1110-11 (quoting *Valentine*, 574 F.3d at 690).

Dr. Kessler submitted his opinion after he performed a psychodiagnositic examination of Plaintiff during which he conducted an extensive interview with Plaintiff and performed several psychological tests.  Dr. Kessler's opinion is detailed and thoroughly reasoned.  The mere fact that some of the psychological records that he reviewed as part of his examination were old does not undermine Dr. Kessler's opinion to the extent that the ALJ could not rely on Dr. Kessler's testimony.

Accordingly, on this record the Court concludes the ALJ did not err when he credited Dr. Kessler's opinion.

## II.  The ALJ's Failure to Incorporate Nonexamining Physician Testimony into the ALJ's Assessment of Plaintiff's RFC

Plaintiff next contends the ALJ erred when he failed to incorporate into the assessment of Plaintiff's RFC a limitation to one-to-two-step instructions found by nonexamining psychologists Drs. Lundblad and Boyd.

The ALJ's assessment of the evidence in the record must include:  (1) a thorough discussion and analysis of the objective

10 - OPINION AND ORDER

medical and other evidence, (2) resolution of inconsistencies in the evidence, and (3) a logical explanation of the effects of symptoms on the individual's ability to work.  SSR 96-8p, at *7.

Drs. Lundblad and Boyd opined Plaintiff "is capable of understanding/remembering 1-2 step instructions.  [Plaintiff] would be incapable of remembering more complex instructions." Tr. 56, 73.  Although the ALJ assigned "significant weight" to the opinions of Drs. Lundblad and Boyd, the ALJ merely limited Plaintiff to "simple, routine tasks" in his assessment of Plaintiff's RFC.

The ability to perform simple, routine tasks represents a greater degree of functionality than a limitation only being able to follow one-to-two-step instructions.  *See Rounds v. Comm'r Soc. Sec. Admin.*, No. 13-35505, 2015 WL 4620150, at *5 (9th Cir. Aug. 4, 2015)(noting a limitation to "'simple' or 'repetitive' tasks" is consistent with Reasoning Level Two, but a limitation to "one-to-two step tasks" is only consistent with Reasoning Level One).  Accordingly, the ALJ erred when he afforded the opinions of Drs. Lundblad and Boyd significant weight without sufficiently incorporating their conclusions as to Plaintiff's limitations in the assessment of Plaintiff's RFC.

The Court must, nonetheless, determine whether the ALJ's error is harmless.  "An error is harmless if it is 'inconsequential to the ultimate nondisability determination,' or

'if the agency's path may reasonably be discerned,' even if the agency 'explains its decision with less than ideal clarity.'" *Treichler v. Comm'r Soc. Sec. Admin.*, 775 F.3d 1090, 1099 (9th Cir. 2014)(quoting *Alaska Dep't of Evntl. Conservation v. Envtl. Prot. Agency*, 540 U.S. 461, 497 (2004), and *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012)).

Plaintiff contends the ALJ's error is not harmless because the two jobs that the ALJ relied on to carry the Commissioner's burden at Step Five require a Specific Vocational Preparation (SVP) Level Two while a limitation to one-to-two-step instructions is only consistent with SVP Level One.

"Specific Vocational Preparation is defined as the amount of lapsed time required by a typical worker to learn the techniques, acquire the information, and develop the facility needed for average performance in a specific job-worker situation." U.S. Dep't of Labor, *Dictionary of Occupational Titles* App. C (4th ed. 1991). SVP Level One requires "[s]hort demonstration only" while SVP Level Two consists of "[a]nything beyond short demonstration up to and including 1 month." *Id.*

On this record the Court cannot conclude jobs that require SVP Level 2 are consistent with the opinions of Drs. Lundblad and Boyd that Plaintiff is limited to "understanding/remembering 1-2 step instructions." Accordingly, the ALJ's failure to

12 - OPINION AND ORDER

incorporate the opinions of Drs. Lundblad and Boyd into the ALJ's assessment of Plaintiff's RFC is not harmless and necessitates remand.

### III. Dr. Freed's Opinion

Plaintiff next contends the ALJ erred when he declined to keep the record open to permit Plaintiff to submit Dr. Freed's opinion before the ALJ reached his decision.   Plaintiff argues this error is harmful because Dr. Freed's opinion (first submitted to the Appeals Council) is material evidence that undermines the ALJ's decision.

The Court need not resolve this issue, however, in light of the remand necessitated by the ALJ's error in failing to incorporate the opinions of Drs. Lundblad and Boyd in the assessment of Plaintiff's RFC.   Because Dr. Freed's opinion is now part of the record, the ALJ must address Dr. Freed's opinion on remand.

### REMAND

The decision whether to remand for further proceedings or for immediate payment of benefits is within the discretion of the court.   *Harman v. Apfel,* 211 F.3d 172, 1178 (9th Cir. 2000).   The issue turns on the utility of further proceedings.   A remand for an award of benefits is appropriate when no useful purpose would be served by further administrative proceedings or when the

record has been fully developed and the evidence is insufficient to support the Commissioner's decision. *Strauss v. Comm'r,* 635 F.3d 1135, 1138-39 (9th Cir. 2011)(quoting *Benecke v. Barnhart,* 379 F.3d 587, 593 (9th Cir. 2004)).

As noted, further administrative proceedings are necessary to resolve the conflict between the ALJ's assessment of Plaintiff's RFC and the opinions of Drs. Lundblad and Boyd and to consider the opinion of Dr. Freed.

Accordingly, on this record the Court concludes this matter must be remanded to the Commissioner for further administrative proceedings consistent with this Opinion and Order.

## CONCLUSION

For these reasons, the Court **REVERSES** the final decision of the Commissioner and **REMANDS** this matter pursuant to sentence four of 42 U.S.C. § 405(g) for further administrative proceedings consistent with this Opinion and Order.

IT IS SO ORDERED.

DATED this 19th day of August, 2015.


_____
ANNA J. BROWN
United States District Judge


14 - OPINION AND ORDER